TEXAS LOAN AGENCY v. M. GRAY, JR.,

No. 2108.

**1. Deed of Trust—Sale at Wrong Place—Second Sale by Trustee.**

A sale by a trustee at a place other than that named in the deed of trust is a nullity, and does not so divest the trustee of his powers and interests as to render void a subsequent sale made by him to the same purchaser at the place designated in the trust deed.

**2. Same—Legal Title not in Trustee.**

The doctrine that a trust deed, which is in legal effect but a mortgage with a power of sale, vests in the trustee the legal title after default, does not obtain in Texas.

APPEAL from Denton. Tried below before Hon. D. E. BARRETT.

*S. M. Kerr* and *Short & Hill*, for appellant.—The sale in Navarro County and deed in pursuance thereof of December 5, 1893, vested title to the lands in appellant and barred the appellee of all rights in said lands, notwithstanding the previous sale in Denton County, which was void. Loan Association v. Hardy, 86 Texas, 610; Boone v. Miller, 86 Texas, 74; Soel v. Hadden, 85 Texas, 183; Wright v. Henderson, 12 Texas, 43; Duty v. Graham, 12 Texas, 427; Wooten v. Wheeler, 22 Texas, 338; Gilliam v. Henderson, 12 Texas, 47; Willis v. Moore, 59 Texas, 635; Holland v. Frock, 2 Posey, 566; Aggs v. Shackelford Co., 85 Texas, 149; Young v. Van Benthusen, 30 Texas, 769; Lerch v. Snyder, 2 Texas Civ. App., 425; Silliman v. Gammage, 55 Texas, 369; Springfield v. Donovan, 25 S. W. Rep., 536; Schanawerk v. Hobrecht, 22 S. W. Rep., 949; Lanier v. McIntosh, 23 S. W. Rep., 787; 2 Jones on Mortgages, sec. 1902.

*E. C. Smith* and *H. C. Ferguson*, for appellee.—The sale in Navarro County of the land in controversy, and conveyance by H. G. Damon, trus-

tee, under the deed of trust was unauthorized and conveyed no title, for the reason that said trustee had prior thereto, on November 7, 1893, made a sale and conveyance of said land under and by virtue of said deed of trust, which said prior sale exhausted his power to sell the same as trustee. Stephens v. Clay, 31 Am. St. Rep., 329; 30 Pac. Rep., 43; Kester v. Burke, 81 Ill., 439; Lanier v. McIntosh, 23 S. W. Rep., 787; Huckaber v. Billingsly, 16 Ala., 414; Simmons v. Baynard, 30 Fed. Rep., 535; Stuart v. Brown, 16 S. W. Rep., 389; same case, 20 S. W. Rep., 445; Schanework v. Hobricht, 22 S. W. Rep., 949.

TARLTON, CHIEF JUSTICE.—Suit in trespass to try title brought by the appellant against the appellee to recover certain real estate situated in Denton County, Texas.

On August 11, 1888, John J. May, Sr., and his wife, M. C. May, executed a trust deed to H. G. Damon, trustee, for the lands in controversy, to secure the plaintiff in the payment of the sum of $3500 and interest. The instrument authorized Damon, in case of default in the payment of the indebtedness named, to sell the lands at public auction at the court house door, Navarro County, Texas.

On February 16, 1893, J. J. May and his wife conveyed the land to the defendant M. Gray, in part consideration of which the vendee assumed the payment of the indebtedness named in the trust deed. November 7, 1893, the debt not having been paid, Damon sold the lands at the court house door in Denton County, complying in all respects with the terms of the trust deed, except as to the place of sale therein provided for, and the plaintiff became the purchaser at this sale. Afterwards, on December 5, 1893, Damon, as trustee, again sold the lands at the court house door in Navarro County, as provided in the trust deed, and at this sale the plaintiff became the purchaser.

In January, 1894, the plaintiff sued out a writ of sequestration, which it caused to be levied on the lands. The defendant was accordingly ejected. The plaintiff replevied the lands, and ·has since had the possession thereof. During the period of its occupancy the property has been of the rental value of $700.

Judgment was rendered that the plaintiff was not entitled to recover; that it take nothing by this suit; and decreeing a recovery in the sum of $700 in favor of the defendant against the plaintiff and the sureties on its replevy bond, on the demand in reconvention for the wrongful suing out of the writ of sequestration.

*Opinion.* —Upon the foregoing facts his Honor concluded, (1) that the sale in Denton County passed no title to the plaintiff, because not made at the place designated in the trust deed; (2) that by reason of the sale in Denton County, Damon divested himself of all interest in the lands, and of all power conferred upon him by the trust deed, for which reason the subsequent sale made on December 5, 1893, in Navarro County, vested no title in the plaintiff.

We are unable to concur in the latter conclusion reached by the learned judge. In our opinion, the sale, or rather "the ineffectual attempt at sale," in Denton County (a place other than that named in the deed in trust) was simply a nullity. It was void for all purposes; it could neither construct nor destroy—vest nor divest. After it the parties in interest stood "as they did before;" after it "we see no reason why the deed might not be executed in the proper manner." Boone v. Miller, 86 Texas, 74, 80, 81.

The contention of the appellee that by the "ineffectual attempt at sale" in Denton County the trustee had exhausted his powers, rests upon the proposition that by the terms of the deed in trust the legal title was vested in the trustee, and that having once conveyed he became powerless to sell in Navarro County, as prescribed by the instrument. Stephens v. Clay, 30 Pac. Rep., 43.

The doctrine that a trust deed, which is in legal effect but a mortgage with a power of sale, vests in the trustee the legal title after default, does not obtain in Texas. The mortgage, or the conveyance in trust, is but an incident to the debt. This doctrine is to be regarded as a rule of property in this State. Blackwell v. Barnett, 52 Texas, 326; Milling Co. v. Eaton, 86 Texas, 411; Aggs v. Shackleford County, 85 Texas, 149.

We hold that the sale in Navarro County vested the title in the plaintiff. We consequently reverse the judgment and here render it for the appellant; ordering that it recover the land in controversy, that the appellee take nothing by his plea in reconvention, and that he pay all costs incurred in this suit.

*Reversed and rendered.*

Delivered February 5, 1896.

Writ of error refused.