FERGUSON v. DICKINSON et al.·

(Court of Civil Appeals of Texas. Ft. Worth. April 22, 1911. On Motion for Rehearing, May 20, 1911.)

1. MORTGAGES (§ 468*) — RECEIVERSHIP — GROUNDS.

Rev. St. 1895, art. 1465, authorizing the appointment of receivers in an action to foreclose a mortgage when the mortgaged property is in danger of being lost, removed, or materially injured, etc., is but declaratory of the rule in equity.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1374, 1375; Dec. Dig. § 468.*]

2. MORTGAGES (§§ 124, 468*)—RECEIVERSHIP—GROUNDS—FAILURE TO INSURE PROPERTY AND PAY TAXES.

Since a mortgagee in a mortgage stipulating that the mortgagor shall keep the property insured for the benefit of the mortgagee, and pay taxes, or, in a mortgage silent on the subject, may insure the property and pay the taxes and charge the cost thereof as a part of the original claim, the failure of the mortgagor to insure the property and pay the taxes does not alone justify the appointment of a receiver.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 243, 1374, 1375; Dec. Dig. §§ 124, 468.*]

3. MORTGAGES (§§ 137, 188*)—TITLE OF PARTIES.

A mortgage does not vest the title in the mortgagee, and the mortgagor is entitled to possession until foreclosure conveyance.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 270-276, 469, 471-475, 479-481; Dec. Dig. §§ 137, 188.*]

4. MORTGAGES (§ 468*)—APPOINTMENT OF RECEIVER—GROUNDS.

Where a party in possession of mortgaged property was not required to insure the same for the benefit of the mortgagee, the court should not appoint a receiver for the mere failure to insure the property, and thereby deprive the party of the possession until foreclosure.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1374, 1375; Dec. Dig. § 468.*]

On Motion for Rehearing.

5. PARTIES (§ 1*)—NECESSARY PARTIES.

Where the parties to a controversy are numerous and their rights are conflicting and interdependent, the court must have all the parties interested in the subject-matter before it.

[Ed. Note.—For other cases, see Parties, Cent. Dig. § 1; Dec. Dig. § 1.*]

6. APPEAL AND ERROR (§ 1173*)—PARTIES—DISPOSITION OF CASE ON APPEAL.

Where the rights of one party are dependent on those of another, the appellate court will treat the judgment appealed from as an entirety, and, where a reversal is required as to one party, it will reverse the judgment as a whole.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4562-4572; Dec. Dig. § 1173.*]

Appeal from District Court, Lubbock County; L. S. Kinder, Judge.

Action by the Lubbock Land & Grain Company against the Lubbock Hardware & Furniture Company and others. From an ancillary order made in vacation appointing a receiver, defendant H. C. Ferguson appeals. Reversed, and receiver discharged.

H. C. Ferguson, pro se. Bean & Klett and R. A. Sowder, for appellees.

CONNER, C. J. This is an appeal from an ancillary order of the district court made in vacation appointing a receiver in cause No. 476 pending in the district court of Lubbock county wherein the Lubbock Land & Grain Company are plaintiffs and the Lubbock Hardware & Furniture Company, H. C. Ferguson, and others are defendants. The plaintiffs in said suit seek to recover against J. H. Quinn and J. N. Patton on three vendor's lien notes for the sum of $1,716.66, and to foreclose the vendor's lien given to secure said notes on lots 16 and 17, in block 103, in the town of Lubbock upon which there is situated a hotel building. Said plaintiffs also seek to recover upon a note for $2,000 signed by J. H. Quinn and one for $846 signed by J. H. Quinn and J. N. Patton secured by deed of trust and vendor's lien on the same property. The said Lubbock Hardware & Furniture Company in said suit seek to recover upon a note for $767.13 given by Quinn and Patton and an open account against J. N. Patton alone for $23, secured by a lien on the above-described real estate as well as by a chattel mortgage on the personal property claimed by the appellant H. C. Ferguson. Appellees thus state the basis of their application: "Receivership was sought on the grounds that the real estate and buildings thereon, and the furniture, are not of sufficient value to discharge the liens against the same being sued on in said cause 476, the allegations being that the building and personal property are principal part of the value, and that same are exposed to destruction by fire, being a frame lumber building, and situated near other wooden buildings, that no insurance is being carried by either Quinn or Patton, and that the taxes for 1910 are unpaid, and that Quinn and Patton are insolvent, so that no money can be made out of them; that Ferguson and Patton have had the possession of all said property for a long time, receiving all the rents thereof, and have not carried insurance on same nor paid the taxes, nor kept said property in repair; that, if a receiver should be appointed, the property would rent for enough to pay the taxes and carry some insurance on the

building and furniture, so as to preserve the property pending the litigation. The plaintiffs in cause No. 476 are not claiming a lien on the property of appellant, but the Lubbock Hardware & Furniture Company do have a mortgage on same, and are seeking to foreclose it in said cause 476, to which suit appellant is a party, and said Hardware & Furniture Company are also parties applicant for the appointment of a receiver."

By a duly verified answer appellant alleged among other things in substance that the claims of the Lubbock Hardware & Furniture Company were secured by a vendor's lien upon the real estate heretofore described and that the chattel mortgage upon the personal property which he owned by purchase from Patton expressly provided that resort to such personal property was not to be made until after exhausting the lien against the house and lot involved in the controversy; and that in the meantime appellant was to have the sole and exclusive possession of all of said personal property. He further alleged that the real property was of sufficient value to pay off and discharge all of the incumbrances against it, including the claims of the hardware company, unless the same should be sacrificed or improperly managed; that he was taking prudent care of all of said property and not exposing the same more than necessarily incident to prudent management and offered to take such insurance as might be agreed upon to protect the property and pay his proper part of any premium therefor. The court appointed a receiver as prayed for and ordered him to take charge of the real estate and personal property, directing him to rent the same and use the proceeds to pay taxes, insurance and up-keep of said property, and also authorized him to borrow money, if necessary, to protect the property from sale for taxes and to pay insurance.

[1-4] Our statute (Revised Statutes, art. 1465) provides that receivers may be appointed "in an action by mortgagee for the foreclosure of his mortgage and sale of the mortgaged property when it appears that the mortgaged property is in danger of being lost, removed, or materially injured, or that the condition of the mortgage has not been performed and the property is probably insufficient to discharge the mortgage debt." This but accords with the general rule of equity on the subject, but both by the statute and equitable principle it must appear in order to authorize the appointment of the receiver that the mortgaged property is in danger of being lost, removed, or materially injured. See Sanborn v. Nelson, 134 S. W. 855. Accepting appellant's verified answer denying any misuse of the property, and indeed no acts of injury are alleged, what is there left of which appellees can complain? It is alleged in the petition of the plaintiff in the suit, the Lubbock Land & Grain Company, that it was agreed by Quinn and later adopted by Patton to keep the property insured and pay taxes for the benefit of said plaintiff and the proof on the hearing so shows. In such event it is clear that the plaintiff may both insure and pay taxes and charge the necessary cost thereof to the defendants as part of his original claim. See Boone on Mortgages (Pony Series) § 172; 2 Jones on Mortgages, §§ 1080, 1134; Garza v. Western Mortgage & Investment Co., 27 S. W. 1091. Even in the absence of such an agreement, and this will apply to the personal property involved in the present controversy as to which there is no agreement, a mortgagee has an insurable interest in the property mortgaged and may both insure and pay taxes due upon the property, having the right to add the tax paid to his mortgage debt. See authorities before cited, and 19 Cyc. 585, and cases cited in note 30; 27 Cyc. 1261, and cases cited in note 55. In view of the ready relief thus afforded from alleged wrongs made the basis of the application herein, why should a receiver be appointed and the costs of a receivership be added to the burdens the property must undoubtedly bear? Under our law the mortgage or deed of trust does not vest title. Texas Loan Agency v. Gray, 12 Tex. Civ. App. 430, 34 S. W. 650; Wright v. Henderson, 12 Tex. 44. And the mortgagor and not the mortgagee is entitled to the possession until foreclosure conveyance. Silliman v. Gammage, 55 Tex. 369; Edrington v. Newland, 57 Tex. 633. It is undisputed in the record that appellant is not a party to any of the obligations sued upon in this case and in the absence of an agreement to so do he is not required to insure either the real or personal property as to which alone he asserts any claim, and to appoint the receiver as prayed for, and as was done, is to deprive him of the possession to which he is entitled until foreclosure and to yield the revenues of the property, to which he is also entitled, in the payment of insurance premiums, costs of the receivership, etc. This we think should not be done in the absence of some more forceful reason for the receivership than was alleged or shown. Courts uniformly, as we understand the rule, grant the remedy of receivership cautiously for by it the owner of property must perforce yield the right the law gives him to control and manage it to another and suffer the costs and loss necessarily incident thereto.

We conclude that the receivership was improperly granted and that the order therefor should be set aside and the receiver discharged, the costs of the proceeding both here and in the court below to be taxed against appellees.

#### On Motion for Rehearing.

[5, 6] Appellees Dickinson, Gibson, and Quinn insist that we were in error in vacating the receivership as to the real property involved in controversy, as to which

alone they asserted a lien, for the reason that appellant, who only claims right in the personal property, alone appealed from the order appointing the receiver. But in this view we cannot concur. It is manifest from the record that the parties to the controversy are numerous; that the rights are conflicting and necessarily interdependent. In such cases the court of necessity must have all of the parties interested in the subject-matter before it and be able to adjust and dispose of the several antagonistic priorities in a single final judgment. The reversal of the order appointing the receiver, therefore, should stand as against all parties to the original action whether parties to the present appeal or not, the practice on appeal being that where the rights of one party are dependent in any manner upon those of another, the appellate court will treat the judgment as an entirety, and where a reversal is required as to one it will reverse the judgment as a whole. See Hamilton v. Prescott, 73 Tex. 565, 11 S. W. 548; Belcher v. Wilson, 31 Tex. 140; Thompson v. Kelley, 100 Tex. 536, 101 S. W. 1074; Reeves v. McCracken (Sup.) 128 S. W. 895.