## JACKSON et al. v. WALLACE et al.
## (No. 8375.)

(Court of Civil Appeals of Texas. Dallas.
May 8, 1920. Rehearing Denied
June 12, 1920.)

**Death ⬳4—Evidence held to require submission of issue of absentee's death.**

Proof that one against whom a judgment had been entered was seen alive within less than seven years of the date of the trial *held* to require submission to the jury of the issue as to whether he was dead when the suit was filed.

Appeal from District Court, Navarro County; H. B. Daviss, Judge.

Suit by J. E. Wallace and others against J. T. Jackson and others, for an injunction. Decree for petitioners, and defendants appeal. Reversed and remanded.

W. W. Ballew, of Corsicana, for appellants.

Jack & Jack and Callicutt & Johnson, all of Corsicana, for appellees.

RAINEY, C. J. The statement of the case, taken from the appellants' brief, is correct, and is as follows:

"On June 5, 1911, appellees filed their petition in the district court of Navarro county, Tex., for an injunction against J. T. Jackson, and M. S. Clayton, sheriff of Navarro county, Tex., to enjoin the sale of 118 acres of land on John Beauchamp survey, in Navarro county, Tex., which land had been advertised for sale on the first Tuesday in June, 1911, by virtue of an order of sale issued upon a judgment rendered in the district court of Navarro county, Tex., in cause No. 7700, styled J. T. Jackson v. J. C. Wallace, rendered on the 24th day of March, 1911. The plaintiffs, appellees herein, alleged they were the owners of said land, and the heirs of J. C. Wallace, who they alleged was dead when said suit was filed and judgment rendered; and they alleged numerous other alleged defects in said judgment. Injunction was issued upon said petition. Defendant J. T. Jackson filed his original answer in due time, and amended answer on October 25, 1918.

"Gibson & Callaway, a firm composed of El J. Gibson and L. R. Callaway, intervened in said cause, and alleged they were interested in the subject-matter of said suit, claiming to own an undivided one-third interest in said land. First and second amended pleas of intervention were filed, and the trial was had upon second amended plea of intervention. Plaintiffs filed numerous supplemental petitions, of date January 24, 1919, March 13, 1919, and answer to intervention January 27, 1919. Defendant filed supplemental answer to all of the various supplemental petitions of plaintiffs, consisting in the main of exceptions upon points stated therein. Interveners Gibson & Callaway filed exceptions to answer of plaintiffs and supplemental plea.

"The case went to trial May 15, 1919; and during the trial S. H. Jack, W. H. Jack, J. S. Callicutt, and L. A. Johnson were allowed to intervene, claiming interest under original plaintiffs, and W. W. Ballew intervened, as assignee of Gibson & Callaway.

"The court gave peremptory instruction for plaintiffs and intervening plaintiffs for all of lot 19, containing 14 acres, and an undivided two-thirds interest in lot 9, 20 acres; lot 12, 40 acres; lot 14, 11 acres; lot 15, 23.5 acres; lot 17, 10½ acres—and for W. W. Ballew, intervener, for undivided one-third interest in lots 9, 12, 14, 15, and 17, without rents, and against J. T. Jackson and M. S. Clayton for all of the land. The jury returned verdict under instructions of the court as directed. Defendant Jackson and intervener W. W. Ballew excepted to the charge of the court, and requested special charges, which exceptions and special charges were refused. Motions for new trial were filed by defendant Jackson and intervener W. W. Ballew, and overruled June 28, 1919. Exceptions duly taken, notice of appeal given, and appeal perfected to Court of Civil Appeals.

"The court gave a peremptory charge for appellees, and refused appellants' special charge as follows: 'You are instructed that an absentee is presumed to be alive until his death is proved, and there has been no legal evidence offered by plaintiffs that J. C. Wallace was dead at the time the suit of J. T. Jackson v. J. C. Wallace was filed in February, 1910, or at date of judgment, March 24, 1911, and you are therefore instructed to return a verdict in favor of J. T. Jackson.'"

Plaintiffs sued as heirs of J. C. Wallace and claimed by reason thereof to be the owners of the land. Their petition shows that there was no necessity for an administration, but prayed for an injunction, alleging the death of J. C. Wallace, proof of which was essential for a recovery under the evidence, which was totally lacking. There was testimony tending to show that Wallace was alive within less than seven years of the date of trial, and which raised an issue not authorizing the court to assume that death was presumed, and warranted a charge to that effect. There was evidence showing that J. C. Wallace was seen alive, which required the court to submit that issue to the jury, and which precluded the court from giving the jury a peremptory instruction to find for appellees.

Besides alleging that J. C. Wallace was dead at the time of the rendition, the petition alleged, in substance, that the judgment had become extinct when the court reviewed it. The evidence does not show definitely whether or not the judgment had become extinct, which, if it had, can be shown upon another trial and can be taken advantage of. Boyd v. Ghent, 95 Tex. 46, 64 S. W. 929.

For the reasons stated, the judgment is reversed, and cause remanded.