### DOCKERY et al. v. WALLACE et al. (No. 959.)

(Court of Civil Appeals of Texas. Beaumont. April 21, 1923.)

1. **Trespass to try title ⚖==38(1)—Plaintiff has burden of proving his title.**

In a suit in trespass to try title, the plaintiffs had the burden of proving their title.

2. **Appeal and error ⚖==1213—On failure to prosecute intervention on second trial after reversal on appeal, intervener goes out of case as if on a nonsuit.**

Where appellate court reverses the judgment as to an intervener and he declines to prosecute his intervention on the second trial, he goes out of the case as if on a nonsuit.

3. **Appeal and error ⚖==1180(1)—Reversal as to defendants held not to effect a reversal as to intervener.**

Where person in possession of real estate was not joined as a defendant in action involving ownership and was not impleaded by the defendant but intervened in the action and claimed an interest in the land, a reversal of the judgment as to defendants did not necessarily operate as a reversal as to the intervener, since, not having been originally joined as a party or impleaded by defendants, his interest might have been a separate, several, and distinct title from that asserted by either of

the other parties of such a nature as to support a separate and distinct action.

Appeal from District Court, Navarro County; Hawkins Scarborough, Judge.

Suit by W. E. Wallace and others against I. L. Dockery and another, in which W. W. Ballew intervened. Judgment for plaintiffs, and defendants and intervener appeal. Reversed and remanded.

W. W. Ballew, of Corsicana, for appellants.
Callicutt & Johnson, of Corsicana, for appellees.

WALKER, J. This was a suit in trespass to try title instituted by appellees against I. L. Dockery as defendant, involving lots Nos. 9, 12, 14, 15, 17, and 19 of the John Beauchamp survey in Navarro county, Tex., which were more fully described by giving the field notes of each block. Afterwards, appellees made U. P. Chapman a party defendant. These defendants answered disclaiming all title in the land, but specially pleaded that they were holding possession as tenants of W. W. Ballew. Ballew intervened in the suit, specially pleading his title to a one-third undivided interest in lots 9, 12, 14, 15, and 17, under a judgment rendered by the district court of Navarro county, Tex., in a suit styled J. E. Wallace et al. v. J. T. Jackson et al., No. 8041 on the docket of that court, in which these appellees were plaintiffs, Jackson and others were defendants, and in which he was an intervener. On the trial, appellees offered in evidence the judgment pleaded by Ballew, in which they were given a recovery for a two-thirds undivided interest in lots 9, 12, 14, 15, and 17, against Ballew as intervener and against Jackson et al. as defendants, and in which Ballew as intervener was given a recovery for a one-third undivided interest in the same lots as against them as plaintiffs and the other parties as defendants. Appellees were given a recovery for all of lot 19. They also offered in evidence the record of the appeal by Jackson and others from that judgment and by Ballew from the judgment denying him any recovery in lot 19. Also, on the issue of appeal from that judgment, the parties made the following agreement:

"It was agreed that there was no complaint by Jackson against judgment in favor of W. W. Ballew and no appeal therefrom by the defendant Jackson, nor by the plaintiffs, J. E. Wallace et al., and that the opinion of the Court of Civil Appeals did not discuss the appeal of W. W. Ballew, who filed motion for rehearing, which motion for rehearing was overruled by the Court of Appeals without written opinion."

The other defendant in that suit was the sheriff of Navarro county, who had no personal interest in the lands. For opinion on this appeal, see Jackson v. Wallace (Tex. Civ. App.) 222 S. W. 676. On the second trial of that case, these appellees, who were plaintiffs therein against Jackson et al., recovered from the defendants all the land in controversy, and as disposing of Ballew's interest the judgment recites:

"The cause coming on for trial upon its merits, come the plaintiffs in person, as well as by their attorneys, and come the interveners, Gibson and Galloway, and W. W. Ballew in open court, having declined to further prosecute their suit, the intervention heretofore allowed said parties is eliminated from this cause, and the cause is tried upon the several issues in controversy, between the plaintiffs and defendants. * * * This judgment shall in no wise affect any rights, or interest held, or acquired by intervener under the former judgment" (referring to the first judgment entered in that cause).

This was all the testimony of any probative force offered by either party on the trial of this cause. The trial was before the court without a jury, and judgment was entered in favor of appellees against defendants and intervener for all the land in controversy.

While no conclusions of law and fact were filed, we gather from the record that the judgment was based upon the theory that the reversal of the first judgment in cause No. 8041, Wallace v. Jackson, was a reversal also of the judgment in Ballew's favor, and when he declined to prosecute his intervention further, and was dismissed from that suit on the second trial, that appellees' judgment as plaintiffs against the defendants was, in effect, a judgment in their favor against Ballew, and was res adjudicata as to all interests and issues between appellees and Ballew. If we have correctly analyzed the reasons for the court's judgment, he was in error in both propositions.

[1, 2] 1. If the legal effect of the reversal of the first judgment in Wallace v. Jackson was to reverse the award in Ballew's favor also, then when he declined to prosecute his intervention on the second trial, he went out of the case as if on a nonsuit. The judgment on the second trial did not even purport to dispose of any controversy between appellees and Ballew, and as appellees rested under the burden of proving their title, and having failed to offer any evidence of title whatever, the judgment in their favor cannot stand.

[3] 2. On the showing presented by the record before us, the trial court erred in holding that the reversal of Wallace v. Jackson was a reversal of Ballew's recovery. As to the effect of a judgment of an appellate court reversing the trial court's judgment, where the parties are numerous and all those cast in the judgment do not appeal, the rule is thus stated by Mr. Chief Justice Conner in Ferguson v. Dickinson (Tex. Civ. App.) 138 S. W. 221:

"Where the rights of one party are dependent in any manner upon those of another, the appellate court will treat the judgment as an entirety, and where a reversal is required as to one it will reverse the judgment as a whole. See Hamilton v. Prescott, 73 Tex. 565, 11 S. W. 548; Belcher v. Wilson, 31 Tex. 140; Thompson v. Kelley, 100 Tex. 536, 101 S. W. 1074; Reeves v. McCracken (Sup.) 128 S. W. 895."

See, also, Drake v. Yawn (Tex. Civ. App.) 248 S. W. 731, and authorities there cited.

Under the rule announced in the authorities just cited, appellees, as plaintiffs, against defendants in actual possession, rested under the burden of showing that Ballew's title in Wallace v. Jackson was so dependent upon the titles asserted by the other parties to that suit that the reversal in Jackson's favor necessarily operated as a reversal of Ballew's recovery. This they did not do, but it appears against them that Ballew's title was of such a nature that he was not made a party defendant by appellees nor even impleaded by Jackson, but his appearance was by intervention under leave of the court. It may be that he held a separate, several, and distinct title from that asserted by either of the other parties, of such a nature as to support a separate and distinct action. If so, his recovery was not reversed by the Court of Civil Appeals. We gather from appellant's bill of exception that his title originated in appellees' title, and in the suit of Wallace v. Jackson that his title was under appellees' ancestor, and adverse to their title. If on a second trial that fact develops, then these appellees rested under the burden of appealing from the award granted Ballew on the first trial of Wallace v. Jackson, and as they failed to do so, Ballew's recovery was not reversed and that judgment was res adjudicata of the controversy involved in this suit.

As it appears that this case was not fully developed, and that justice cannot now be done by rendering judgment herein, we reverse the judgment of the trial court and remand it for further proceedings in accordance with this opinion.

Reversed and remanded.