## WARD v. HAMILTON. (No. 1476.)

(Court of Civil Appeals of Texas. El Paso. May 3, 1923.)

**1. Contracts ⬥305(2)—Acceptance of house and assuming possession with knowledge of defects not waiver of defects and right to damages.**

Mere acceptance of a house and assuming possession thereof with knowledge of defects *held* not to constitute a waiver of defective work and right to recover damages therefor.

**2. Trial ⬥350(4)—Refusal to submit issue of builder's action in inducing owner to buy more lumber than needed held error.**

In an action by a contractor for services in building defendant's house, refusal to submit special issue requested by defendant relating to the alleged action of plaintiff in inducing defendant, to his damage, to buy more lumber than was necessary, *held* error.

Appeal from Taylor County Court; D. G. Hill, Judge.

Action by U. S. Hamilton against J. K. Ward. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Stinson, Coombes & Brooks, of Abilene, for appellant.

Ben L. Cox, of Abilene, for appellee.

HIGGINS, J. Hamilton sued Ward to recover $438.91 for building a house upon land owned by the latter, under an agreement that Ward was to pay 10 per cent. of the construction cost for Hamilton's services in superintending the work and constructing the house according to plans and specifications; Ward paying for the material and labor.

Verdict and judgment in favor of Hamilton.

The defendant set up a counterclaim for damages by reason of certain defects in the house due to the unskillful and unworkmanlike manner in which the house was built by plaintiff, and evidence was adduced in support of same.

The court charged that if defendant accepted the work and moved into the house with knowledge of the defects, the same

would constitute a waiver thereof, and he could not recover therefor.

[1] This announces an incorrect rule. Mere acceptance of the house and assuming possession with knowledge of the defects did not constitute a waiver of the defective work and right to recover damages therefor. 28 R. C. L. 708.

[2] The court also erred in refusing to submit the special issues requested by defendant relating to the alleged action of plaintiff in inducing defendant to his damage to buy more lumber than was necessary, as complained of in the second assignment. Issues 1 and 10 did not fully submit the issues upon this phase of the case as contended by appellee.

Reversed and remanded.