## WALLACE et al. v. DOCKERY et al.
### (No. 353.)

(Court of Civil Appeals of Texas. Waco. April 22, 1926.)

Appeal and error ⬡►1180(1)—Intervener appealing from judgment allowing his claim of ownership of interest in land and disallowing it as to other land, who after unconditional reversal and remand dismissed his intervention, held not entitled to rely on such judgment as establishing any interest in land.

Intervener in suit to enjoin enforcement of judgment lien, claiming one-third interest in lands, who appealed from judgment allowing his claim as to only part of land and after unconditional reversal and remand dismissed his intervention, held not entitled to rely on such judgment as establishing any interest in land.

Appeal from District Court, Navarro County; Hawkins Scarborough, Judge.

Action by H. E. Wallace and others against I. L. Dockery and another, in which W. W. Ballew intervened. From a judgment for intervener, plaintiffs appeal. Reversed and rendered.

See, also, 251 S. W. 319.

Callicutt & Johnson, W. H. Jack, and S. H. Jack, all of Corsicana, for appellants.

W. W. Ballew, of Corsicana, for appellees.

### Statement.

STANFORD, J. The land herein involved was originally a part of a larger tract belonging to Owen Wallace. Owen Wallace died intestate about 1905. In 1906 there was a partition of his lands among his children and in said partition there was allotted to his son, J. C. Wallace, about 133 acres of land, being in several lots designated as lots

9, 14, 15, 17, and 19 of the John Beauchamp survey in Navarro county. On March 6, 1894, J. T. Jackson recovered a judgment for $1,288 against J. C. Wallace. On March 8, 1897, an abstract of said judgment was placed of record in the proper records of said county. On March 19, 1906, J. C. Wallace and wife executed a power of attorney, coupled with a one-third interest in all lands that might be awarded to J. C. Wallace in the partition of his father's estate, to J. C. Lumpkin and John D. McRae, and Gibson & Calloway, attorneys at law; the consideration being that said attorneys would. represent said Wallace and wife in said partition suit. On February 24, 1910, J. T. Jackson filed suit against J. C. Wallace, alleged to be a transient person and whose residence was unknown, to foreclose his judgment lien upon the lands that had been set apart to J. C. Wallace in the partition; this suit being numbered 7700. On March 30, 1911, judgment was rendered in said cause No. 7700 in favor of J. T. Jackson, foreclosing his judgment lien upon all said land. On April 4, 1911, McRae & Lumpkin, attorneys, conveyed to Gibson & Calloway all their interest acquired by reason of the attorney's contract above mentioned. An order of sale was issued on the judgment in cause No. 7700, foreclosing Jackson's judgment lien, and levied upon all the land set apart to J. C. Wallace, and said lands were advertised for sale. On June 5, 1911, J. E. Wallace, H. E. Wallace, B. F. Wallace, and Myrtle F. Wallace, all of the children of J. C. Wallace, alleged by them to be deceased, sued out an injunction against J. T. Jackson to restrain him from making sale of said land formerly owned by their deceased father, J. C. Wallace. This suit was No. 8041. Gibson & Calloway intervened, setting up their one-third interest under the attorney's contract above referred to. Afterwards interveners Gibson & Calloway sold and conveyed all their interest acquired from J. C. Wallace by reason of the attorney's contract above referred to, to W. W. Ballew, and on May 19, 1919, the said Ballew intervened in said cause of J. E. Wallace et al. v. J. T. Jackson et al., No. 8041, and alleged his purchase of the Gibson & Calloway one-third interest in lots 9, 12, 14, 15, 17, and 19, and adopted the pleadings of Gibson & Calloway and prayed for a recovery of an undivided one-third interest in all of said land, and also one-third of all rents received by plaintiffs (the J. C. Wallace heirs) for the years 1911 to 1918, inclusive. Said injunction suit of J. E. Wallace et al. v. J. T. Jackson et al., No. 8041, was tried May 17, 1919, and judgment rendered vacating, annulling, and setting aside the judgment foreclosing the judgment lien in cause No. 7700, J. T. Jackson v. J. C. Wallace, and perpetually enjoining the enforcement of said judgment. Said judgment also awarded to the heirs of J. C. Wallace all of lot 19 and an undivided two-thirds interest in lots 9, 12, 14, 15, and 17, disallowing intervener Ballew a recovery of any interest in lot 19, or a recovery for any rents, and refusing J. T. Jackson any recovery.

J. T. Jackson and Bellew filed separate motions for new trial. Intervener W. W. Ballew asked for a new trial on the grounds that the court erred in instructing a verdict for the heirs of J. C. Wallace for all of lot 19, and in refusing to instruct in his favor for a one-third interest in said lot, and that the court erred in instructing against him as to one-third of the rents on all of said land from 1911 to 1918. The court overruled in one order both motions for new trial, and both jointly gave notice of appeal. J. T. Jackson and intervener Ballew jointly executed one appeal bond. In the Court of Civil Appeals the case was reversed and remanded. Jackson et al. v. Wallace et al., 222 S. W. 676. Intervener Ballew filed a motion for rehearing, complaining that the Court of Civil Appeals had not considered his assignments of error. Said motion was overruled, with no written opinion.

The case was again tried, the judgment then rendered reciting:

"And the interveners, Gibson & Calloway and W. W. Ballew, in open court, having declined to further prosecute their suit, the intervention heretofore allowed said parties is eliminated from this cause, and the cause is tried upon the several issues in controversy between the plaintiffs and the defendants. * * * This judgment shall in no wise affect any right or interest held or acquired by the intervener under the former judgment."

In the judgment rendered on this second trial of said cause, No. 8041, Wallace v. Jackson, the Wallace heirs recovered against J. T. Jackson all of the land in controversy. This judgment was affirmed by the Court of Civil Appeals, Jackson v. Wallace et al., 239 S. W. 698, and also by the Supreme Court, Jackson v. Wallace et al., 252 S. W. 745.

Now follows a brief statement of the suit at bar: W. W. Ballew in the meantime had acquired possession of the land he claimed under the first judgment rendered in cause No. 8041, and was occupying same through tenants, Dockery and Chapman. On February 17, 1921, the Wallace heirs, appellants in this case, brought suit against Dockery and Chapman in trespass to try title for all the land that was in controversy in the former suit of Wallace v. Jackson. Defendants Dockery and Chapman disclaimed and were dropped from the case. At this stage W. W. Ballew intervened in this cause and claimed to own an undivided one-third interest in all said land except lot 19, and based his right to said land upon the judgment had in the case of Wallace Heirs v. J. T. Jackson, No. 8041, tried in 1919, claiming the appeal from said judgment and the reversal of same did not affect his recovery in the trial court.

Plaintiffs answered his intervention, alleging that he had appealed from the same judgment that he was now claiming under; that upon this appeal and at his instance said judgment was set aside by the appellate court and remanded for another trial; that the legal effect of said reversal was to render his judgment null and of no force or effect. This case was tried before the court and resulted in a judgment in favor of the Wallace heirs for the entire interest in said land against intervener Ballew. An appeal was taken, and the Court of Civil Appeals reversed and remanded the case, Dockery et al. v. Wallace et al., 251 S. W. 319. The case was again tried before the court, and judgment was rendered in favor of intervener Ballew for an undivided one-third interest in all the lots of land, except lot 19, and the Wallace heirs prosecute this appeal.

### Opinion.

The sole question here involved is whether the reversal on the first appeal in the case of Jackson et al. v. Wallace et al., No. 8041, reported in 222 S. W. 676, was a reversal of the entire case or of the case only as between the J. C. Wallace heirs and J. T. Jackson. If J. T. Jackson, who claimed under an abstract of judgment lien filed March 8, 1897, against J. C. Wallace, had by virtue thereof a valid lien against the land which J. C. Wallace inherited from his parents who died intestate in 1905, then appellants herein, as heirs of J. C. Wallace, could not recover the land free of said lien, and neither could intervener W. W. Ballew, who claimed under a contract executed by J. C. Wallace to Gibson & Calloway, attorneys, in 1906. On the other hand, if Jackson's alleged judgment lien was not valid and in force, then the heirs of J. C. Wallace would be entitled to the property, subject to a consideration of the rights of intervener W. W. Ballew under the contract executed by J. C. Wallace in 1906. In other words, it was necessary that Jackson's claim be disposed of in order to determine if the J. C. Wallace heirs or intervener Ballew were either entitled to anything. The J. C. Wallace heirs and intervener Ballew were jointly and vitally interested in defeating the claim of Jackson, for if they failed to defeat Jackson's claim of lien on all of said property, unless they elected to pay off Jackson's claim, all of said property would be applied to the satisfaction of Jackson's judgment, and there would be nothing left for them to litigate over. In the first trial in cause No. 8041, the J. C. Wallace heirs recovered all the land from Jackson, and intervener Ballew recovered one-third of said land, except he recovered no part of lot 19 and recovered no rents. Both Jackson and Ballew filed motions for new trial, appeal bond, etc. J. T. Jackson appealed, and sought a reversal because he recovered none of the land. Intervener Ballew appealed, and sought a reversal because he did not recover one-third of lot 19 and recovered no rents. The honorable Court of Civil Appeals at Dallas reversed and remanded the cause generally (251 S. W. 319), assigning as reasons for so doing that it was not clearly shown that J. C. Wallace was dead or that the judgment of Jackson had become extinct. These two questions were questions of fact and were just as essential to sustain the judgment in favor of the intervener Ballew as they were to sustain the judgment in favor of the J. C. Wallace heirs and against J. T. Jackson. Intervener Ballew filed a motion for rehearing, complaining of the failure of the court to pass on his assignments of error raising the questions of his right to recover one-third of lot 19 and also his right to recover one-third of the rents on all said land from 1911 to 1918. Said court overruled his motion, without any written opinion. It is true Jackson did not assign error as against his coappellant, intervener Ballew, but what was the use of his so doing? If his assignments against the Wallace heirs were sustained, the interest of the intervener would be effectually wiped out. The Wallace heirs did not file cross-assignments against the intervener, but why should they do so? If they failed to prevail against Jackson, then they could have no controversy with the intervener. Jackson and intervener Ballew both gave notice of appeal, and executed a joint appeal bond, payable to all of the J. C. Wallace heirs, so the whole case and all parties were before the appellate court, subject to its jurisdiction, and it was the duty of said court, on sustaining the assignments of appellant Jackson, to make such disposition of the entire case as equity and justice demanded. Thompson et al. v. Kelley et al., 100 Tex. 536, 101 S. W. 1074; Hamilton v. Prescott, 73 Tex. 565, 11 S. W. 548; Ferguson v. Dickinson (Tex. Civ. App.) 138 S. W. 221; Drake v. Yawn (Tex. Civ. App.) 248 S. W. 730 (writ refused). As above stated, the two questions of fact on which the case was reversed were that the evidence was insufficient to show that J. C. Wallace was dead, and also to show that Jackson's judgment was extinct. If the evidence failed to show that J. C. Wallace was dead, then it failed to show any right of recovery by his heirs, and just as effectually failed to show any right of recovery by the intervener, and if the evidence was insufficient to show that Jackson's judgment was extinct, then it was insufficient to show a right of recovery in the J. C. Wallace heirs, and likewise was insufficient to show a right of recovery in the intervener W. W. Ballew. There being two essential questions of fact necessary to be shown by the evidence before either the plaintiffs, the J. C. Wallace heirs, or the intervening plaintiff, W. W.

(234 S.W.)

Ballew, was entitled to recover, and the evidence being insufficient to show either of said essential facts, the appellate court, we think, could not do otherwise than reverse and remand the entire case for another trial. The reasons assigned for the reversal applying equally to the entire judgment, we apprehend the appellate court considered it unnecessary to discuss the questions raised by the intervener, as, in view of the disposition to be made of the case, said questions did not arise, and might never arise. This view of the action of the appellate court is strengthened by the fact that said appellate court overruled the intervener's motion for a rehearing complaining that his assignments had not been considered. At any rate, the honorable Court of Civil Appeals at Dallas, on said first appeal, we think, did, and intended to, reverse the entire case. We know said court did not affirm any part of it, and if said court had intended to affirm the intervener's part of said judgment, said court, doubtless, would have so indicated. We think the rights of the parties in said cause No. 8041 on the first appeal were so related, conflicting, and necessarily interdependent, as to require a reversal of the entire judgment, and to enable the trial court to have all parties interested in the subject-matter of the suit before him upon another trial in order that he might do justice and equity to all parties, said appellate court could not do otherwise than reverse and remand the entire case. Hamilton v. Prescott, 73 Tex. 565, 11 S. W. 548; Thompson et al. v. Kelley et al., 100 Tex. 536, 101 S. W. 1074; Ferguson v. Dickinson (Tex. Civ. App.) 138 S. W. 221; Drake et al. v. Yawn et al. (Tex. Civ. App.) 248 S. W. 726; Reeves v. McCracken, 103 Tex. 416, 128 S. W. 895; C. J. vol. 4, p. 1206.

When cause No. 8041, Wallace v. Jackson, Ballew Intervener, come on for the second trial, said intervener announced he would no longer prosecute his intervention and would withdraw from the case and rely upon the former judgment in said cause to establish his rights, and said intervener did so withdraw his plea of intervention, which was equivalent to a nonsuit on his part, and his present contention is that notwithstanding he and J. T. Jackson appealed from the first judgment, and notwithstanding the Court of Civil Appeals at Dallas reversed and remanded said cause generally because certain facts essential to a recovery by both the Wallace heirs and Ballew were not sufficiently shown, yet Ballew in this present appeal based his right to recover one-third of the land in controversy solely upon said first judgment. So if intervener has any rights in the land in controversy and any right to recover in this present suit, it must be based on the first judgment, which, to have such effect, would have to be considered as remaining in full force and effect as to his rights, and as stated above, in effect, the only question involved in this appeal is: Was the reversal in cause No. 8041 on the first appeal a reversal of the entire case, or was it a reversal of the case only as between the Wallace heirs and J. T. Jackson? If the latter, then this cause should be affirmed; if the former, then this cause should be reversed and rendered for appellants. Appellee relies upon an opinion by the honorable Court of Civil Appeals at Beaumont on a former appeal of this case, reported in 251 S. W. 319, but it appears from said opinion that on the trial from which that appeal was prosecuted the case had not been fully developed. In fact, said court holds, in effect, that intervener Ballew, appellant in that appeal, being in possession of the land, it was incumbent upon the Wallace heirs, appellees on that appeal, to make out their case, and having failed to do so, required a reversal. This was a correct statement of the law as applied to the facts of the case then before said court, and fully warranted the reversal.

The case was fully developed on the last trial. The right of appellants to recover the entire title to all the land in controversy was fully established, unless appellee Ballew was entitled to one-third by virtue of the judgment rendered in cause No. 8041 on the first trial of said cause; and it clearly appearing, we think, that said entire judgment was reversed by the honorable Court of Civil Appeals at Dallas, and said entire cause remanded, appellee has no right of recovery by virtue of said judgment. Appellee Ballew having failed to show any right of recovery to any part of the land in controversy, said cause is reversed and here rendered for appellants.