## Morgan v. Johnson.

## MORGAN v. JOHNSON.

An appeal will not lie from the judgment of a justice non-suiting a plaintiff who fails to appear and whose demand is unliquidated.

Appeal from Polk. Suit before a justice on an open account. Plaintiff failing to appear, judgment of nonsuit. Appeal to District Court. Appeal dismissed for want of jurisdiction.

J. B. Jones, for plaintiff in error. There is nothing in law or reason which would prevent an appeal from this any more than any other judgment rendered by a justice. The twentieth section of the act of 1846, p. 304, provides "that [118] any party may appeal from any final judgment rendered by a justice of the peace to the District Court of the county, provided he give bond," &c. This is certainly a final judgment; and if so, the appeal is rightly taken. It is no answer to this application for an appeal to say that it is but a judgment of nonsuit, and the plaintiff may sue again. The fact of its being a judgment of nonsuit and for costs does not change the *final* nature of the judgment. It may be that the suit has been brought just in time to save the statute of limitations; and driving the party to a new action may entirely defeat the collection of a just debt. It may be, as it was in this instance, that the absence of the defendant prevented suit from being brought for a long time, and the plaintiff may have indulged him till the very last day upon which he could bring suit and save his debt from the operation of the statute. The right to appeal is absolute. The language of the statute is "from *any final* judgment;" and the only inquiry is whether the judgment of the justice was "*final.*" If it was, the defendant had a right to appeal, and the District Court was bound to entertain jurisdiction, even if the appeal had been frivolous or whimsical.

J. W. Henderson, for defendant in error.

Cochran v. Kellum.

HEMPHILL, Ch. J.  This suit was brought before a justice of the peace on an open account, and the plaintiff failing to appear on the day of trial, judgment of nonsuit or dismissal was entered against him for want of prosecution.  An appeal was taken to the District Court, and this being dismissed for want of jurisdiction, the cause has been brought to this court for revision.

The grounds on which the District Court determined that it had no jurisdiction are not set forth in the record, and the only question presented for our consideration is whether there is error in the judgment of dismissal.  The law authorizes appeals from final judgments of justices of the peace; and judg- [119] ments of nonsuit for want of prosecution may be termed final, but only in the qualified sense of inhibiting further proceedings on the cause of action in that particular suit, and not as in any degree adjudicating the merits of the case.  No decision is made on the facts or upon the law as applicable to a solitary fact involved in the controversy.  The determination is extraneous to the merits.  It is in effect a mere ruling that as the party has been guilty of neglect, he shall not proceed further until the costs already incurred are paid. It is true that appeals from magistrates are to be tried *de novo;* but this includes the supposition or idea that there has been a previous trial, and judgment rendered upon that trial.

There is a difference between a judgment by default against the defendant and one of dismissal against the plaintiff for want of prosecution, in this : that the former, if not appealed from, is conclusive of the rights of the parties; whereas by the latter the rights of neither party are affected, and a new suit may be maintained on the subject-matter of the former action.  There is but one contingency under the law of 1846 on which an appeal from a magistrate's judgment of dismissal may be prosecuted, and that is where the action is founded on a written contract for money.  The justice is in that event to proceed with the trial and determine according to the right of the cause.  A judgment of dismissal would then be contrary to law.  The magistrate could then and should determine upon the merits of the case ; and his failure to do so would be erroneous and good ground for appeal.

Judgment affirmed.

---

[120] COCHRAN v. KELLUM AND ANOTHER.