Lipscomb, J.
This case was submitted to the court as a delay ease by the defendant in error, and in tlie examination of the record it escaped our notice that the service of the citation liad been made on one only of tlie defendants in the suit and that a final judgment by default had been rendered against both of tlie* defendants. If the defendant on whom the citation had been served had appeared and answered for himself, aud gone to tlie jury, and there had been a verdict against him aud judgment we would have affirmed the judgment; or, if tlie judgment on such verdict liad been entered up against botli the defendants when tlie verdict was against one only, we would have affirmed it as to tlie one who had been served with process and liad answered aud reversed it as to the other, although tlie record did not show that a discontinuance liad been entered. But in a case like the present, where tlie judgment is by default, it has been tlie practice of the court to reverse the judgment and remand the case. The judgment is therefore reversed and the case remanded.
On a re-examination of the record in this ease it was found that both defendants were in court, Bayless by service of the process, aud Bice, by an acknowledgment of service aud waiver of copies of petition and citation. The first judgment is re-instated and this one set aside.
Judgment affirmed.