## WILLIAM L. BARNETT v. L. B. TAYLER.

Where suit was instituted against W. L. B. and C. C. B., as makers, and P. L. H., as indorser, and the citation which issued for C. C. B. was served upon W. L. B., it was no service which C. C. B. was bound to respect, and the judgment by default against him is erroneous.

The 45th section of the act regulating proceedings in the district court provides for the discontinuance as to defendants not served, with a proviso; but this section shall not be so construed as to allow a plaintiff to discon-

tinue as to the principal, and take judgment against the indorser or surety jointly sued. (Paschal's Dig., Art. 1448, Note 553.) This article is to be construed with reference to section 46, which declares, that no judgment shall be rendered against the indorser as surety, unless the judgment is at the same time rendered against the principal, except where the plaintiff discontinues as to the principal, because he resides beyond the limits of the state, or is insolvent. (Paschal's Dig., Art. 1449, Note 554.)

Error from Guadaloupe. The case was tried before Hon. A. W. Terrell, one of the district judges.

The facts are fully set out in the opinions of the judges.

*William B. Leigh,* for the appellant.

*Parker & Miller,* for the appellee.

Willie, J.—This action was brought by defendant in error against W. L. Barnett, the plaintiff in error, and C. C. Benham and P. L. Herron, upon a promissory note. A citation issued for C. C. Benham, and was placed in the hands of the sheriff of Gonzales county, who returned it. "Executed by delivering to the said defendant, William L. Barnett, in person, a certified copy of the plaintiff's original petition or copy of this writ. The said defendant, C. C. Benham, is not to be found in Gonzales county." Service was duly had upon the defendant, Herron, and the suit having been dismissed as to C. C. Benham, not served, judgment was rendered against Barnett and Herron. Barnett alone prosecutes the writ of error upon the judgment, and assigns for error, that the judgment was rendered without any citation having been issued requiring him to appear and answer the petition. This exception to the judgment is well taken. The citation directed to the sheriff of Gonzales county only authorized him to summon the defendant, Benham, and his service of the same upon Barnett was not a compliance with the requirements of the writ. It was a departure from the command contained therein. The copy which

he delivered to Barnett did not require the latter to appear and answer the petition, and his failure to do so did not place him in default. The judgment was erroneous, and must be reversed, and the cause remanded for further proceedings. The defendant, Herron, does not prosecute the writ of error, but as he was merely an indorser of the note upon which the suit was brought, Barnett and Benham being the principals, and judgment by default was taken against him, the judgment must be reversed as to him also. (Houston v. Ward, 8 Tex., 124; Bayless v. Daniels, 8 Tex., 140.)

A rehearing was ordered.

LINDSAY, J.—L. B. Tayler, as assignee of a joint and several note for $450, executed by the plaintiff in error and C. C. Benham to P. L. Herron, and by him assigned to the defendant in error, brought suit in the district court against both obligors in the note and the assignor or endorser, alleging that the obligors were both residents or citizens of the county of Gonzales, and the assignor or indorser was a citizen or resident of Guadaloupe county, where the suit was brought. Citations were issued accordingly, and the writ to Gonzales returned by the sheriff "executed" as to W. L. Barnett, and "not found" as to C. C. Benham. The writ to Guadaloupe county was returned "executed" on P. L. Herron. At the trial, the plaintiff discontinued his suit as to C. C. Benham, who was not served with process, and judgment was rendered against the defendants, Barnett and Herron.

This cause was decided in this court at the fall term, 1866, and a judgment rendered, reversing the case, upon the ground that the writ directed to Gonzales only called upon the defendant, Benham, to answer; and the sheriff, not being able to find Benham, executed it on the plaintiff in error, W. L. Barnett, who was not mentioned in the writ.

Upon motion of the attorney for the defendant in error in this court a rehearing was granted; and upon the suggestion of a diminution of the record, a *certiorari* was issued to the clerk of the district court for a more perfect record. The response was made to the writ, which simply verified the record first sent up, showing the state of facts already indicated as to the service of the process. This was a void judgment against the plaintiff in error, and was properly reversed by this court at the former term, because of the want of service of the writ; and as the case must still be reversed and sent back for re-trial, it may not be improper to point out another defect in the proceeding in the court below, which might serve to protract the litigation, if it be not attended to. It will be observed that Barnett and Benham are joint and several makers of the note sued on. Benham not being served with process, the cause was discontinued as to him. These makers of the note were both principals. The statute, (Paschal's Dig., Art. 1448,) among other things, provides, "that this section shall not be so construed as to allow a plaintiff to discontinue as to the principal, and take judgment against the endorser or surety, who is jointly sued, unless there be an allegation of "non-residence or insolvency in the petition." (Paschal's Dig., Art. 1449.) In addition to the plain import of this language, this court, in the case of Look and Cornelius v. Henderson, (4 Tex., 303,) has already given a judicial interpretation to this act as here suggested. It will be well therefore, before a re-trial, that this suggestion should be heeded, to avoid the expense and delay of bringing the case again before this court. The judgment of the district court is reversed, and the cause

　　　　　　　　　　　　　　　　　Remanded.