## J. M. HAMILTON & CO. v. WM. PRESCOTT.

### No. 6139.

1.  **Judgment—Divisible—Practice in Supreme Court.**—Where there is error in the proceedings of the lower court as to any party to the judgment and not as to another, and a proper decision of the case as to one is not dependent upon the judgment as to the other, this court will reverse in part and affirm in part.

2.  **Judgment when an Entirety.**—But where the rights of one party are dependent in any manner upon those of another this court will treat the judgment as an entirety, and when a reversal is required as to one it will extend to the whole judgment and to all the parties.

3.  **Case Decided.**—Suit below by an assignee against a sheriff and his sureties for damages for seizure of a stock of goods held by plaintiff as assignee. The sheriff made the plaintiffs in the attachment under which the seizure was made, with sureties on an indemnity bond, parties. After two years from the filing of the suit plaintiff by supplemental petition asked judgment against the plaintiffs in the attachment. To this was pleaded the statute of limitations of two years. Judgment was for plaintiff against the sheriff and his sureties, and against the plaintiffs in attachment and their sureties on the indemnity bond. The plaintiffs in attachment alone appealed. The appellee confessed errors as to the appellants and asked that the judgment be reversed and dismissed as to the appellants and affirmed as to the others. The court refusing the motion of appellee, reversed and remanded as to all the parties.

APPEAL from Bexar.    Tried below before Hon. G. H. Noonan.
The opinion states the case.

*Oscar Bergstrom* and *Simpson & James,* for appellee, confessed error and prayed that the judgment therein rendered in favor of J. M. Hamilton & Co. be reversed and here rendered in their favor.

*L. N. Walthall,* for appellants, resisted the motion that the judgment be reversed and rendered, insisting that it should be reversed and remanded, citing Burleson v. Henderson, 4 Texas, 59; Willie v. Thomas, 22 Texas, 175; Dickson v. Burke, 28 Texas, 117; McIlhenny v. Lea, 43 Texas, 205.

*Ellis & Herron, John A. & N. O. Green,* and *L. N. Walthall,* filed a brief for appellants upon the merits, not discussed in the opinion of the court.

GAINES, ASSOCIATE JUSTICE.—Langdon, Greenlay & Company made an assignment to appellee for the benefit of their creditors. The appellants, being creditors of the assignors, brought suit against them and sued out an attachment and caused it to be levied by T. P. McCall, sheriff of Bexar County, upon the stock of goods transferred by the assignment. Appellee then brought this suit against McCall and the sureties on his official bond to recover the value of the goods so seized. The appellants having given McCall an indemnifying bond, he answered and prayed that in the event the plaintiff should recover against him that he

have judgment over against appellants and the sureties on their bond to him.   They appeared and filed an answer to the plaintiff's petition.

More than two years after the filing of the original petition plaintiff filed a supplemental petition replying to their answer, in which he asked judgment directly against them.   To this supplemental petition they pleaded the statute of limitations.   The plaintiffs recovered a judgment against the sheriff and his sureties and against J. M. Hamilton & Co. and their sureties, in which it was ordered that the execution should first be levied upon the property of appellants before proceeding against that of McCall and his sureties.   From this judgment J. M. Hamilton & Co. have alone appealed.   There are many assignments of error shown by the brief, some of which call in question the court's ruling upon appellant's plea of limitation.

Appellee has appeared by counsel and filed a confession of error as to the court's ruling upon appellant's plea of limitation, and asks that the judgment in so far as it is a judgment in his favor directly against appellants be reversed and here rendered for appellants.   The appellants replying by an amended brief claim that upon the confession of error the judgment should be reversed and remanded as a whole.

Our statutes require that but one final judgment shall be rendered in any case.   Hence it has been held as a general rule that where a judgment in the lower court has been set aside as to one defendant it is set aside as to all, whether the order be so expressed or not.   Long v. Garnett, 45 Texas, 400; Martin v. Crow, 28 Texas, 613.

In Boone v. Hulsey, 71 Texas, 176, the authorities were reviewed upon the question and an exception was recognized.   The statute referred to is, however, applicable only to the trial courts, and consequently in this court no very uniform rule has been recognized.   In Bayless v. Daniels, 8 Texas, 140, it is said that a judgment may be reversed as to one appellant and affirmed as to another.   In Houston v. Ward, 8 Texas, 124, a judgment was reversed and remanded as to one appellant and rendered as to others.   In Hopson v. Murphy, 4 Texas, 248, and in Burke v. Cruger, 8 Texas, 67, the judgments were affirmed as to the principal obligor on the contracts sued upon in the court below and reversed and remanded as to the sureties.   See also Johnson v. Galbraith, 17 Texas, 364.   But in Burleson v. Henderson, 4 Texas, 59; Wood v. Smith, 11 Texas, 367; Willie v. Thomas, 22 Texas, 175; Dickson v. Burke, 28 Texas, 117; McRae v. McWilliams, 58 Texas, 328; Bradford v. Taylor, 64 Texas, 169, and McIlhenny v. Lee, 43 Texas, 205, it is held that a reversal as to one should reverse as to all.

We think the conclusion to be deduced from these apparently conflicting cases is that this court when it finds error in the proceedings of the lower court as to any party to the judgment and not as to another, and that a proper decision of the case as to one is not dependent upon the

judgment as to the other, will reverse in part and affirm in part. But where the rights of one party are dependent in any manner upon those of another it will treat the judgment as an entirety, and where a reversal is required as to one it will reverse the judgment as a whole. It has not hesitated to affirm as to a principal and reverse as to a surety, but we presume no case can be found where it has reversed as to the principal and affirmed as to the surety.

In the present case under the rule of the common law the sheriff and J. M. Hamilton & Co. were joint wrongdoers and were liable to be sued either jointly or separately as plaintiff might elect. But as between the sheriff and attaching creditor, who has given a bond of indemnity, a recent statute makes the latter primarily liable by providing that in the event the sheriff be sued he may bring in the obligors on the bond and recover in the same action judgment against them for such amount as may be rendered in favor of the plaintiff against him. Laws, 1885, p. 90. It follows that when the creditor is brought into the suit, being primarily liable, he should ordinarily have management and control of the defense. He should have the right to appeal and to set aside the judgment for error, whether the sheriff, who is protected by his bond, appeals or not, and if he reverse the judgment obtained by the plaintiff against him it should be reversed as a whole.

In the present case the parties primarily liable to pay the damages have appealed and sought a reversal of the entire judgment. The sheriff, who is protected by the judgment, has failed to appeal. It seems that the object of the confession of error is to have so much of the judgment as awards a recovery in favor of appellee against appellants set aside, and to leave in force so much thereof as gives a recovery in his favor against the sheriff and his sureties with a recovery over in favor of the latter against appellants in full force. The injustice of such a result is manifest, and is not to be tolerated unless such action is constrained by the uniform decisions of the court. That a judgment against two or more parties which is appealed from by one may be reversed as to the one and affirmed as to the others, or may be reversed as a whole, according to the manifest justice of the case, we think the cases cited sufficiently show.

For these reasons we are of the opinion that upon the confession of error the judgment of the court below should be set aside and the cause remanded for a new trial as to all the defendants, and it is so ordered.

*Reversed and remanded.*

Delivered April 26, 1889.