**FIDELITY OIL CO. OF NEW JERSEY v. SWINNEY et al. (No. 10262.)**

(Court of Civil Appeals of Texas. Fort Worth. May 19, 1923. Rehearing Denied June 30, 1923.)

**1. Continuance ☞51(3) — Denial of continuance held abuse of discretion under facts.**

Where plaintiff and a number of interveners filed new pleadings less than five days before trial, setting up new and independent causes of action without notifying defendant or its attorney, who were both nonresidents, the trial court abused its discretion in refusing a second continuance, the first continuance being followed by filing of other new pleadings.

**2. Appeal and error ☞966(1)—Grant of continuance though discretionary held reviewable.**

While grant of a continuance is largely within the trial court's discretion, such discretion is reviewable.

On Motion for Rehearing.

**3. Continuance ☞40 — Technical claim of waiver of right to continuance held offset by circumstances.** •

The technical claim that reading of the pleadings covering 62 transcript pages and announcement of ready for trial precludes the right to a continuance is overcome by showing that appellant's nonresident counsel was not in the city from time the case was set for trial until the morning of the day set, or that when the pleadings were read his attention was called to a newly alleged agreement of his client.

**4. Appeal and error ☞1173(1) — Judgment based on improper conclusions held reversible as to all of appellees.**

A judgment rendered in spite of a proper application for continuance on the ground of surprise is not sustained as to part of the appellees, though they rested their cases on original obligations to which appellant was a party and withdrew their allegations of new matter constituting the surprise, where the judgment as to all appellees seems to rest strongly on the new matter and all parties apparently made common cause to establish the new cause of action, and the judgments in favor of complaining appellees allowed lien foreclosures, affirmance of which would deprive the lower court of power to establish priorities and would result in a multiplicity of suits.

**5. Appeal and error ☞1173(1) — Bond not necessary to include appellee awarded dependent relief, in appeal.**

Failure of appellant to present and have approved an appeal bond payable to one appellee does not render the appeal inapplicable to him where his foreclosure rights under the judgment are not independent of rights awarded other appellees, since in such case the statutes require judgment as an entirety.

**6. Appeal and error ☞1173(1) — Judgment treated as entirety where rights are not independent.**

The practice on appeal is that where the rights of one party are dependent in any manner upon those of another the appellate court will treat the judgment as an entirety.

Appeal from District Court, Stephens County; C. O. Hamlin, Judge.

Action by W. R. Swinney and others against the Fidelity Oil Company of New Jersey. Judgment for plaintiffs, and defendant appeals. Reversed and remanded.

T. E. Robertson, of Wichita Falls, and E. W. Bounds, of Fort Worth, for appellant.

J. L. Goggans, D. T. Bowles, McCartney, Foster & McGee, and James G. Harrell, all of Breckenridge, for appellees.

CONNER, C. J. W. R. Swinney on April 15, 1921, instituted this suit against the Texas Northern Oil Company, a corporation, R. G. Sturn, and the Fidelity Oil Company, a corporation of New Jersey. The original petition filed on the day stated is not in the transcript, and we have no means of knowing the particular grounds of action therein stated, but later, to wit, on June 3, 1921, the plaintiff filed his first amended original petition declaring against the defendants already named, and further alleged that numerous other parties, naming them, claimed some interest in the cause of action and sought to have them made parties. In this first amended original petition it was alleged in general terms that the "defendants became indebted to plaintiff in the sum of $556.36 as follows: To one month's salary for labor $200, and for money advanced to defendants by plaintiff at their special instance and request in the sum of $336.30." It was alleged that said labor was performed in the drilling of a certain oil and gas well and the money advanced for labor and material used in the drilling of the well, described as the W. A. Andrews well No. 1, located upon a described 50 acres out of survey 2075. Plaintiff further declared upon a labor's lien averring that it had been duly made out and filed for record. On August 31, 1921, the Fidelity Oil Company filed an answer containing a general demurrer and a general denial to plaintiff's petition and further specifically denied that "it ever employed or authorized the employment of the plaintiff to perform the work and labor set out" in his petition and denied that the plaintiff "ever performed any work or labor for this defendant," and denied that it was indebted as alleged. It further specially answered that it had a contract with one D. A. Hoover whereby it transferred to said Hoover a one-half interest in the lease described in the plaintiff's petition and on which the said Hoover was to drill free of any cost to this defendant an oil well and deliver to said defendant free and clear of any incumbrance seven-sixteenths of all the oil recovered therefrom; that the said Hoover and his suc-

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

cessors in interests are primarily liable and responsible to plaintiff for said claim, and that the seven-sixteenth interest transferred to Hoover by the defendant is primarily liable for the payment of said claim; and that this defendant was only secondarily liable after plaintiff's remedies have been exhausted against the said Hoover and his successors.

In this condition of the pleadings, so far as disclosed by the record, it appears that in December following by agreement of the parties the case was set down for trial for January 23, 1922. Prior to the latter date, however, to wit, on January 19, 1922, W. R. Swinney, the plaintiff, filed his second amended original petition, in which he alleged substantially as before, and for the first time further that:

"By virtue of a certain contract by and between Texas Northern Oil Company and Fidelity Oil Company of New Jersey, and plaintiff, said Fidelity Oil Company of New Jersey contracted and agreed to pay all the sum or sums of money that this plaintiff had advanced and furnished said lease and said labor performed for and in consideration of the Texas Northern, transferring their interest in said lease and said production to Fidelity Oil Company of New Jersey, contracted and agreed to pay said amount due this plaintiff, as consideration of this transfer, and this plaintiff says that said contract was made and that Texas Northern Oil Company contracted and transferred their interest to the Fidelity Oil Company of New Jersey for and in consideration of the Fidelity Oil Company of New Jersey, paying this plaintiff's claim and other claims."

A number of other defendants and interveners filed pleadings in September, but none of them declare upon the agreement charged in the paragraph of the plaintiff's petition quoted above.

The record further discloses that on January 23, 1922, the day upon which the trial had theretofore been set, the court was engaged in the trial of another case, and this case was postponed until the following day, January 24th. On that day, after an announcement of ready for trial and after the introduction of some of the testimony, counsel for appellant stated that he had just discovered that the plaintiff and certain other interveners had on the 19th day of January, or less than five days before the day set for the trial of the cause, filed amended pleadings in which they set up new and different causes of action against the Fidelity Oil Company of New Jersey, claiming that no notice of such filing had been given to the defendant, and said counsel then made an oral application for continuance on the ground that he and the said defendant had been surprised by the filing of such amended pleadings without notice; that the defendant and its said counsel had no opportunity to meet the same by evidence and requested the court for permission to withdraw

his announcement of ready for trial and to postpone or continue the cause for a sufficient time to prepare and procure evidence to rebut the new cause of action, whereupon, as is to be inferred from the record, the court postponed the case until the following morning, January 25th, in order that the parties might review the numerous pleadings and formulate the issues to be determined. It further appears that on the morning of the 25th numerous other defendants and interveners filed amended pleadings setting up the alleged agreement with the appellant Fidelity Oil Company, whereupon counsel for appellant, the Fidelity Oil Company, renewed his application for a continuance or a postponement of the cause of action, making first an oral statement and thereafter reduced it to writing. In substance, it appears from the oral statement and the written application that the sole counsel for the appellant company was a nonresident; that no notice had been given to him or to the company represented by him of the filing of the several pleadings in which the cause of action embodied in the quotation we have made from the plaintiff's petition was set up; that the agreement so set up, if made at all, was made in Little Rock, Arkansas, between J. B. Harris, president of the Texas Northern Oil Company, which had become the owner of the seven-sixteenth interest acquired by D. A. Hoover upon a fifty-fifty contract, and George K. Large, president, and E. P. Allen, vice president, respectively, of the Fidelity Oil Company of New Jersey; that the latter parties were both nonresidents, and that they and each of them would testify that no such agreement as alleged by the plaintiff had ever been made.

The court overruled the application and proceeded with the trial without a jury, which resulted in a judgment in favor of the plaintiff Swinney, and in favor of the numerous interveners against the appellant company and others, to all of which appellant company duly excepted and prosecutes this appeal.

[1] The only assignment of error that we find it necessary to specially discuss is the one complaining of the action of the court in overruling appellant's application for a continuance. No complaint of the form or substance of the application was made below or now urged except that it was then and now insisted, in effect, that inasmuch as the appellant company had announced ready for trial the question of continuance vel non was placed in the discretion of the trial court which should not now be disturbed, but we are of the opinion that the court erred in his ruling. The statement of the sole counsel for appellant, in view of the numerous pleadings, original and amended, filed by the numerous parties, seems to show that the failure to discover the new cause of action,

for the first time presented but five days before the trial, was reasonably excusable, and it is evident that in view of the nonresidence of the officers of the appellant company, with whom it appears the agreement relied on was made, the evidence denying such agreement was not available and could not be obtained at once, or at any time during the term of court. Indeed, had counsel for appellant been served with notice of the plaintiff's petition setting up such new cause of action at the time the petition was filed, depositions of the parties could not have been obtained for the trial upon the day upon which the trial had been set. The transcript further shows that attached to appellant's motion for a new trial is the affidavit of the vice president Allen, wherein he very specifically and fully denies that the alleged agreement was ever made at Little Rock, Ark., or other place, and specifically and fully denies that he or Large at any time either at Little Rock or any other place ever agreed, either for himself or the appellant company, to pay the debts of the plaintiff or any one of the interveners, and denied that such parties had been employed by him or by his company.

[2] We think it hardly necessary to cite authorities in support of the proposition that, while the matter of granting a continuance is largely within the discretion of the trial court, such discretion is reviewable, and we are of the opinion that under the circumstances presented by the record the court erred in overruling appellant's application for a continuance, or at least erred, as is insisted, in overruling appellant's motion for a new trial, based, among other things, upon the action of the court in overruling the motion for continuance. The record is very voluminous and somewhat confusing in the intricate interlocking of numerous issues, but it seems to indicate that the principal, if not the only, ground upon which the plaintiff and numerous interveners were permitted to recover a judgment against the appellant company is that the special contract alleged in plaintiff's amended petition as heretofore quoted had in fact been made and that if the evidence indicated in the affidavit of Mr. Allen, the vice president of appellant company, was presented to a jury and by such a jury credited upon another trial, it would be a complete answer to the case against appellant, except in so far as the plaintiff and interveners may be able, if at all, to establish their several labor and materialman's liens against the leasehold interest which the evidence shows is now in fact wholly owned by the defendant company. It is accordingly ordered that for the error of the court first discussed, and in the condition of the record, we conclude that the judgment should be reversed and the cause remanded as to all parties and all issues, and it will be so ordered. See Hamilton v. Prescott, 73 Tex. 565, 11 S. W. 548; Thompson v. Kelley, 100 Tex. 536, 101 S. W. 1074; Ferguson v. Dickinson (Tex. Civ. App.) 138 S. W. 221; S. W. Tel. & Tel. Co. v. Long (Tex. Civ. App.) 183 S. W. 421.

BUCK, J., not sitting.

### On Motion of Rehearing.

CONNER, C. J. Appellee, W. R. Swinney, joined by G. P. Lyon, H. J. Simmons, and Healdon Casing Crew, and Henry Benham, Independent Torpedo Company, and First State Bank of Breckenridge, each separately filed motions for rehearing herein.

[3] The principal contention in which all join is that we erred in holding that appellant's motion for a continuance should have been granted. As relating to this subject, we will add to what we said in our original opinion that it does not affirmatively appear that appellant's counsel, who was a nonresident, was in the city of Breckenridge, the place of trial, from the time in December when the case was set down for trial until the morning of the day set, or that, when, on the day set, an announcement of ready for trial was made and the pleadings read, if all were read, appellant's counsel had his attention called to and then caught the effect of the amendments setting up for the first time the alleged agreement of the appellant company to assume the indebtedness of the Texas Northern Company, the original debtor. When we further consider that the pleadings presented to us (exclusive of those withdrawn) covers some 62 pages of the transcript, it seems not impossible, as stated in the motion for continuance, that said counsel had, in fact, no actual knowledge of the new cause of action, as alleged, until very shortly before the application to postpone or to continue was made. We did not think on original consideration, and do not now think, that under all of the circumstances an answer to the motion to continue, based on purely technical grounds that the pleadings were read and announcement of ready for the trial made, can be approved by a court whose duty it is to administer equity as well as law.

[4] Appellees Henry Benham and the Independent Torpedo Company make the further contention that the judgments severally in their favor rest on original obligations to which appellant was a party as alleged in their pleadings on file in December when the case was set down for trial, inasmuch as they withdrew their amended pleadings which set up the new cause of action upon counsel's announcement of surprise and application to continue. It is insisted that in the trial they relied only upon such original allegations of liability, and we find that in

fact there was evidence apparently supporting such allegations, and that among other conclusions of the trial court are conclusions which, standing alone, would probably authorize an affirmance of the judgment. But it is by no means clear to us from the trial court's findings that he based the recovery of these appellees only upon their original allegations and evidence relating thereto. The judgment against appellant as to all appellees apparently seems to rest strongly upon the court's findings that the appellant company assumed to pay the indebtedness of the Texas Northern Company, as alleged in the amended pleadings of Swinney and others, and apparently, at least, all plaintiffs and interveners, both in the court below and in this court, have made common cause with the plaintiff Swinney in his effort to establish the new cause of action referred to. Moreover, the two appellees named, as well as others, were properly permitted to become parties to the suit, asserting claims below the jurisdiction of the district court, upon allegations to the effect that they had liens upon the property admittedly owned by appellant in this cause. As to the appellees under discussion, the liens alleged by them were found to exist and were foreclosed, and it seems manifest that to now affirm the judgment in their favor would be to deprive the court below of the power to establish priorities that may exist and to equitably adjust all the numerous claims in this case, and probably occasion further litigation among rival claimants. It is a familiar rule that in cases of the kind all parties having an interest in the subject-matter must be made parties. We therefore feel no hesitation in holding, under all the circumstances recited, that it was proper to reverse the judgment in favor of these appellees as well as to others.

[5] The appellee First National Bank of Breckenridge further contends that it in fact is not a party to the appeal inasmuch as appellant did not present and have approved an appeal bond payable to this appellee. But the First National Bank of Breckenridge is claiming and was awarded a foreclosure of specified liens on property belonging to appellant and in controversy, and what we have said in disposing of the contentions of Benham and the Independent Torpedo Company applies as well in disposing of this subject.

In the case of Hamilton & Co. v. Prescott, 73 Tex. 565; 11 S. W. 548, cited in our original opinion, our Supreme Court had this to say in a somewhat similar case:

"Our statutes require that but one final judgment shall be rendered in any case. Hence it has been held as a general rule that where a judgment in the lower court has been set aside as to one defendant it is set aside as to all, whether the order be so expressed or not."

The court, after reviewing a number of authorities, further said:

"We think the conclusion to be deduced from these apparently conflicting cases is that this court when it finds error in the proceedings of the lower court as to any party to the judgment and not as to another, and that a proper decision of the case as to one is not dependent upon the judgment as to the other, will reverse in part and affirm in part. But where the rights of one party are dependent in any manner upon those of another it will treat the judgment as an entirety, and where a reversal is required as to one it will reverse the judgment as a whole. It has not hesitated to affirm as to a principal and reverse as to a surety, but we presume no case can be found where it has reversed as to the principal and affirmed as to the surety."

[6] See, also, the other cases cited by us in our original opinion. We conclude, as we concluded, in the case of Ferguson v. Dickinson (Tex. Civ. App.) 138 S. W. 221, that, in this case as in that, it is manifest from the record that the parties to the controversy now before us are numerous; that the rights are conflicting and necessarily interdependent; and that in such cases the court of necessity must have all of the parties interested in the subject-matter before him and be able to adjust and dispose of the several antagonistic priorities in a single judgment. The reversal of the judgment therefore heretofore pronounced by us we think should stand as against all parties to the action, whether parties to the present appeal or not, the practice on appeal being that where the rights of one party are dependent in any manner upon those of another the appellate court will treat the judgment as an entirety, and where a reversal is required as to one it will reverse the judgment as a whole.

For the reasons indicated, all motions for rehearing will be overruled.