## LEIJA et al. v. CONCHA.
### No. 2547.

Court of Civil Appeals of Texas. El Paso.
May 28, 1931.

Harrison, Scott & Rasberry, of El Paso, for appellants.

Roy D. Jackson, of El Paso, for appellee.

PELPHREY, C. J.

The statement of the nature and result of the suit appearing in the brief of appellants being agreed to by appellee will be adopted by us:

"Appellee, Ramon Concha, a nephew of the deceased, filed in regular form an application to probate the Last Will and Testament of Jesus E. Concha. Appellants, Raul Leija, Luis Leija, Moise Leija and Eva Leija, grandchildren of the deceased, the two last named being minors, who acted by and through their next friend, filed a contest of the application. On hearing in the County Court the will was admitted to probate. Contestants duly perfected an appeal to the District Court of El Paso County, Sixty-fifth Judicial District, filed amended pleadings, and demanded a jury.

"The grounds of the contest were that the will was a forgery and by alternative pleas that the deceased lacked testamentary capacity at the time of the execution of the will; that the execution was procured by undue influence and further that fraud, by making various untrue representations, was practiced upon the testatrix. Upon the verdict of the jury to special issues, the court rendered a judgment admitting the will to probate. Contestants' Motion for a new trial was overruled and they have perfected the appeal by filing the proper cost bond."

Opinion.

The points upon which the appeal is predicated are: (1) That the trial court abused his discretion in overruling appellants' motion for a continuance; (2) that the requested instruction on the issue of undue influence should have been given; (3) that the instruction in connection with issue No. 1 was upon the weight of the evidence and improper; (4) that certain remarks made by counsel for appellee were improper and prejudicial; (5) that certain remarks made by the court to one of the appellants were prejudicial; (6) that the court erred in excluding certain letters and declarations; (7) that evidence that appellee had received certain letters from testatrix should have been excluded; and (8) that a document in which the husband of

testatrix had named appellee as alternate beneficiary was improperly admitted.

Article 2167, Revised Statutes, provides: "No application for a continuance shall be heard before the defendant files his defense, nor shall any continuance be granted except for sufficient cause supported by affidavit, or by consent of the parties, or by operation of law."

Rule 49 for the government of trials in the district court provides: "Absence of counsel will be of no good cause for continuance or postponement of the cause when called for trial, except to be allowed in the discretion of the court, upon cause shown or upon matters within the knowledge or information of the judge, to be stated on the record."

Omitting the formal parts, the application filed by appellants, as shown by their bill of exceptions, reads:

"Raul Leija, Luis Leija, Moise Leija and Eva Leija, contestors in the above entitled cause made this their First Application for a continuance and say that they cannot safely go to trial because on October 22, 1930, W. W. Bridgers, who was the attorney employed by them and who represented them in the contest and Probate of the Will in the County Court of El Paso County, Texas, notified them that he had withdrawn from the case and on the morning of October 23, 1930, the date this cause had been regularly set for trial, they employed the firm of Harrison, Scott & Rasberry, who represent them, and within thirty minutes after said attorneys agreed to accept employment it was necessary for them to be in court and select the jury, and as the court knows the contest and Probate of the Will is based, among other things, on the allegation that the testatrix was not of sound and disposing mind and memory and the execution of said will was procured by undue influence and at the time of employment said attorneys knew nothing of said case and have not had an opportunity to examine the numerous witnesses that would be called to testify on the trial thereof, and have not had an opportunity to investigate and brief the questions of law involved, and that in a suit of this nature there will necessarily be a number of witnesses who said attorneys should interview before the trial thereof, and that contestors have not had a full opportunity to apprise said attorneys of the ground of their contest and comply with instructions issued by said attorneys in regard to procuring the names and addresses of all the witnesses; that attorneys for contestors have been unable to see Vicente Alvarado and Aurelia Concha, witnesses in this case whom contestors state on information and belief are familiar with the facts and saw deceased just prior to her death and know her condition, and that although dili-

gent efforts were made contestors were unable to get in touch with them.

"Contestors further state that W. W. Bridgers withdrew from this case because he recommended and urged contestors to accept one thousand dollars ($1,000.00) in full settlement of their claim, and that contestors feel that such settlement was not a fair, equitable and just one and declined to follow the advice of their attorney, whereupon he announced that he would not represent them in the trial of the case in this court.

"The contestors further state that their attorneys will be in a position to try said cause at the next term of court, and that this continuance is not sought for delay only, but that justice may be done."

None of the facts set forth were disputed; the trial court, however, filed the following qualification to the bill of exceptions: "This cause was regularly set for trial on the morning of October 23, 1930, which was Thursday. After the Motion for Continuance had been overruled, attorneys for contestants proceeded to select the jury, completing that duty about 10:30 A. M. on the morning of October 23, 1930. As soon as the jury had been selected, impaneled and sworn and the pleadings read to them, they were excused until nine o'clock on the morning of October 24th, 1930, and the attorneys for contestants were instructed that they might have the balance of that day in which to prepare their case for trial. Testimony was introduced throughout the day of October 24, 1930, and until noon Saturday, October 25, at which time the jury was excused until nine o'clock Monday morning, on which date the case was completed."

Most of the reported cases dealing with the right of parties to a continuance are those where defendants had made the applications.

 In most cases the granting or refusing of a motion for a continuance is a matter within the wide discretion of the trial court. The exercise of that discretion is, however, subject to review, 9 Tex. Jur. p. 757; Fidelity Oil Co. v. Swinney (Tex. Civ. App.) 254 S. W. 137; Lee v. Zundelowitz (Tex. Civ. App.) 242 S. W. 279; Gulf, C. & S. F. Railway Co. v. Rowland (Tex. Civ. App.) 35 S. W. 31.

■ In the case at bar it appears that the witnesses named in the application appeared and testified; therefore no harm could have resulted from the court's action in so far as they were concerned.

■ It appears, however, that the day before the case was set for trial the attorney who had represented the appellants in the county court withdrew from the case; that the firm now representing them was employed only thirty minutes before the time for trial; that they, in ignorance of the issues and what

evidence might be available, were forced to select a jury without any opportunity to prepare for trial.

The right to be represented by counsel is a valuable right, and, in order for counsel to properly represent a client, he must have an opportunity to familiarize himself with the facts and the law of the case.

It is also a matter of common knowledge, among the legal profession at least, that an attorney who is not acquainted with the identity of his witnesses and not aware of the facts to which they will testify cannot effectively represent his client in the selection of a jury. These facts being true, then appellants did not have that kind of representation in the trial of this case that the law contemplates all parties should have.

From the record it appears that the case was ably handled by the counsel, but there might have been an entirely different jury selected if counsel had been familiar with all of the facts of the case.

We are convinced that the trial court was actuated by the highest motives in the action that he took, yet we feel that, under the peculiar circumstances, he abused his discretion in the matter, and that the judgment must be reversed and the cause remanded.

The other matters complained of will probably not arise on another trial, and therefore it will be unnecessary to discuss them here.

Reversed and remanded.