**STOLPHER v. BOWEN MOTOR COACHES, Inc., et al.**

**No. 14706.**

Court of Civil Appeals of Texas. Fort Worth.

Oct. 12, 1945.

Rehearing Denied Nov. 16, 1945.

Grindstaff, Zellers & Hutcheson, of Weatherford, for appellant.

Napier & Napier, of Wichita Falls, for appellee Wilburn Summers.

Luther Hoffman, of Wichita Falls, for intervener Trinity Universal Ins. Co.

Hobert Price, of Dallas, for intervener Trinity Universal Ins. Co.

J. Walter Friberg, of Wichita Falls, for appellee Bowen Motor Coaches, Inc.

SPEER, Justice.

Lorene Stolpher sued Bowen Motor Coaches, Inc., a corporation, and W. M. Summers jointly and severally for damages for injuries sustained by her, growing out of a collision between Bowen Motor Coaches, Inc. bus and the car of Summers in which plaintiff was riding, at a street intersection in the city of Wichita Falls.

For convenience we shall refer to defendant Summers by name and to Bowen Motor Coaches, Inc., as Bowen.

Plaintiff alleged separate and distinct acts of negligence against each of the defendants, Summers and Bowen. Immediately following the paragraph in which negligence was charged to each, is paragraph 3 of the petition, which reads: "That the aforesaid acts of negligence jointly and severally are a direct and proximate cause of plaintiff's injuries which will be more fully hereinafter set out." There was prayer for joint and several judgment against both defendants. The petition is sufficient to indicate the extent of plaintiff's injuries.

Each of the defendants, Summers and Bowen, was represented at the trial by different counsel. They each denied plaintiff's right of recovery and especially plaintiff's alleged negligent acts attributed to each of them. In addition to its denial of any acts of negligence proximately causing any injuries sustained by plaintiff, Bowen alleged that Summers, who owned the car in which plaintiff was riding at the time of the collision, was guilty of negligence in many respects, proximately causing any injury sustained by plaintiff. Negligent acts charged by Bowen against Summers were substantially the same as those alleged by plaintiff against Summers and because thereof Bowen pled over against Summers for recovery of any sum of money that should be recovered by plaintiff against it.

Likewise Summers in addition to his denial of negligence charged by plaintiff alleged that any injuries sustained by plaintiff were the direct and proximate result of negligent acts of Bowen and prayed for judgment over against Bowen for any amount that plaintiff should recover against him. The acts of negligence charged by Summers against Bowen were substantially the same as those alleged by plaintiff against Bowen. In addition to Summers' denial of liability and his plea over against Bowen, above mentioned, he also cross-actioned against Bowen for damages to cover personal injuries sustained by him and property damage to his automobile based upon his allegations of negligence against Bowen.

The judgment of the court and statements found in the respective briefs indicate that Trinity Universal Insurance Co. carried insurance on the Summers car and had paid him for said damages and was by the court permitted to intervene in the suit ostensibly to recover from Bowen the amount it had paid Summers in the event it was determined upon the trial that Bowen was responsible for the loss. The insurance company was denied recovery by the court. The intervener has not appealed and that phase of the case requires no further attention at our hands.

There is no statement of facts in this record, and we may presume that such special issues as were submitted to the jury were raised by the testimony adduced. We know they were raised by the pleading. The jury verdict in response to special issues acquitted both Summers and Bowen of all acts of negligence and proximate cause. The jury found in response to a special issue that the collision was the result of an unavoidable accident, and the court entered judgment on the verdict: (1) That plaintiff, Lorene Stolpher, take nothing by her suit; (2) that cross-plaintiff, Summers, take nothing on his cross-action as against Bowen (we construe this to mean that Summers take nothing against Bowen in his cross-action for personal injuries and property damage); and (3) that the intervener, Trinity Universal Insurance Co., take nothing by reason of its intervention. In the disposition made of the case by the court naturally nothing was said with reference to the pleas over of either Summers or Bowen.

Plaintiff, Mrs. Stolpher, duly filed her motion for new trial; it being timely overruled she excepted and has perfected this appeal.

It will be noted that while Summers lost his action against Bowen for personal injuries and property damage to his car, he made no motion for new trial as a prerequisite to an appeal and indeed has not attempted to appeal from the judgment entered nor has he in person or by counsel

appeared in this court by brief or otherwise.

The appellant, plaintiff, seeks a reversal of this case upon a single point of assigned error. It reads: "The court erred in refusing to permit the attorney for the plaintiff (Stolpher) to conclude the argument before the jury, where the attorney for one of the codefendants, Summers, made an argument of 45 minutes to the jury and to which argument the plaintiff was denied the right to reply."

The assigned point of error is preserved by a bill of exception which has the approval of the court with qualifications. The record reflects that taking of testimony began on Tuesday, February 27, 1945, and that on the following Friday the testimony was closed; on Saturday, following, the charge was read to the jury and arguments heard. The court's qualification to the bill of exception in support of the point of error, in substance, relates the proceedings had and they are: The court first allotted to each side one hour in which to argue the case with the exception of the intervener who was given a very limited time. Plaintiff's counsel had argued 30 minutes, and the court indicated to him the length of time he had argued, feeling that he had not fully opened the case, and voluntarily extended the time of each side 30 minutes. The plaintiff's counsel continued his argument until he had consumed 45 minutes of the time allotted to him. Counsel for defendant and cross-plaintiff, Summers, argued his phase of the case for 45 minutes. At the expiration of Summers' counsel's argument defendant Bowen's counsel waived argument, and the court declared the arguments closed denying plaintiff's counsel the right to a closing argument in response to the argument made by Summers' counsel; the court being "of the opinion in the face of the defendant's (Bowen's) waiver of argument that there was no good reason to prolong said trial by additional argument, particularly in view of the fact that the court did not consider the argument of (counsel for) defendant Summers and cross-plaintiff Summers of such a nature, or as having broached any matter that would require or necessitate rebuttal argument upon the part of plaintiff, and that the submission of said case to the jury without further argument did not, in the opinion of the court, affect or in anywise injure said plaintiff or the result of said case." There is a further recitation in the qualifications to the effect that there was a controversy as to the issues of liability, but the court declined to certify "that same were sharply controverted."

As above noted, the sole point of error assigned by plaintiff is the refusal of the court to permit him to make a closing argument to that made by counsel for defendant Summers. The record discloses that in excepting to the action of the court in denying him the privilege of a closing argument counsel stated: "In this connection the attorney for plaintiff states that he would have confined his argument to a reply to the argument made by Judge Napier (counsel for Summers) and that was all he requested an opportunity to do."

■ Counsel for defendant Bowen waived argument, and of course, plaintiff's counsel could not make a second argument as against that defendant. The entire argument of Summers' counsel was brought forward in the record, and as we construe it, was very effective in behalf of that defendant. To us it is not difficult to see why plaintiff's counsel desired to make a reply to it. Summers' counsel severely criticized plaintiff for the attitude she assumed in this case in suing Summers along with Bowen; he criticized plaintiff's testimony in many respects and pointed out parts which he claimed were in conflict with other parts; in effect, he argued that the jury could not give effect to those parts that were against his client. Counsel in his argument likewise criticized what he termed a change in her attitude toward Summers after she consulted with attorneys. During his earnest appeal to the jury to not return a verdict for any amount against Summers, he said: "I don't think it is hardly right to say this boy (meaning Summers) was guilty of negligence. She (meaning plaintiff) had good eyes. It (the collision) occurred regardless of what you say. Consider the undisputed facts and the very physical facts show that there was not any negligence on the part of this boy. I don't think she was guilty of negligence in not seeing the bus. I think that bus travelled out there by that building too quick for anybody to see it; nobody in our car saw that bus." Absent the statement of facts, we do not know how Bowen's driver or other witnesses described the conditions surrounding the sudden collision, but the verdict reflects that the jury believed Bow-

en was without fault. Argument of Summers' counsel above, to the effect that he did not believe even plaintiff was to blame for not seeing the bus—that the bus came out beyond the building too quickly for anybody in Summers' car to see it, and other similar arguments may have been persuasive to the jury to find, as it did, no negligence by either defendant, and that it was an unavoidable accident. If such argument did have that effect it inured to the benefit of Bowen, even though its counsel did not argue the case at all.

■ The qualification of the bill of exception by the court to the effect that there was no good reason to prolong the trial by additional argument, and that he did not consider the argument of counsel for Summers to be of such a nature as to necessitate rebuttal argument, would not necessarily control the rights of plaintiff's counsel to a rebuttal or closing argument. The result of the trial and the verdict rendered against plaintiff clearly indicates the effectiveness of either the testimony adduced, which we do not have, or the appeal of Summers' counsel in his argument. It has long been recognized in our procedural jurisprudence that the party upon whom the burden of proof rests shall have the right of opening and concluding arguments to the jury. Old rule for county and district courts 36, now rule 269, Texas Rules of Civil Procedure.

■■ Under the provisions of old rule 31, and now embraced in rule 266, T.R.C. P., provisions are made for a defendant to timely file with the court an admission that the plaintiff is entitled to recover as set forth in the petition except insofar as such defendant may defeat in whole or in part said allegations under his answer in which event the defendant assumes the burden of proof and is entitled to the opening and closing of arguments. It is not contended that the conditions of rule 266, last mentioned, are applicable to this case. It must be conceded that the right of argument of counsel is a valuable one to his client before a jury of laymen, and it has been held to be reversible error to wrongfully deprive one of the exercise of that right. Meade v. Logan, Tex.Civ.App., 110 S.W. 188, writ denied. This is especially true where the issues are sharply conflicting. Kennedy v. McCauley, Tex.Civ.App., 236 S.W. 752; Stone v. Morrison & Powers, Tex.Com.App., 298 S.W. 538, 540. There are many decisions to be found which hold that the right of a concluding argument is a valuable one; this is obvious to all members of the bench and bar. Some of the cases, as we have indicated, emphasized the importance of a closing argument when the issues are "sharply conflicting." The trial court in this case, in his qualification of the bill of exception, concludes with this language: "There was a controversy as to the issues of liability, but the court does not certify that same were sharply controverted." We do not have the evidence before us, but we do know that four days were consumed in taking testimony and from this we may fairly assume that the issues of liability were controverted as found by the court. A review of the arguments presented indicates to us that the construction placed upon the evidence by the respective attorneys presents a very sharp controversy as to liability. There may not have been a serious controversy as to the extent of plaintiff's injuries.

■ We have been cited to no case nor have we found one wherein plaintiff was denied the right of a reply or concluding argument to that of defendant's counsel in such a case as this; but bearing upon a denial of the right of a defendant to open and conclude an argument after he had filed the admissions provided by rule 266 T.R.C.P. (old rule 31) the denial of the right of a reply or concluding argument by defendant's counsel has, many times, been held reversible error, and the courts have gone far enough to say that injury from a violation of that rule will be presumed, 41 T.J. 764, Sec. 50.

■ We hold that the trial court erred in denying plaintiff's counsel the right to make a reply or concluding argument in response to that made by the counsel for defendant Summers. .

We are next confronted with the nature of judgment we should enter in this case, that is, whether it should be affirmed as to defendant Bowen and reversed as to defendant Summers, or if it should be reversed as an entirety as applicable to plaintiff's case.

■■ One of the earliest laws in Texas was to the effect that only one final judgment could be rendered in any case. As a general rule this may be said to be the law at this time. Rule 301, T.R.C.P., which is an exact copy of Art. 2211, Vernon's Texas Civil Statutes, provides "only one final judgment shall be rendered in any

cause except where it is otherwise specially provided by law." In Hamilton Co. v. Prescott, 73 Tex. 565, 11 S.W. 548, 549, the Supreme Court discussed many phases of that statutory provision as it then existed. The court had before it a joint and several judgment against two defendants with apparent error in the judgment as to one defendant and no error as to the other, and the rule to be followed in such cases was announced in this language: "We think the conclusion to be deduced from these apparently conflicting cases is that this court, when it finds error in the proceedings in the lower court as to any party to the judgment, and not as to another, and that a proper decision of the case as to one is not dependent upon the judgment as to the other, will reverse in part and affirm in part; but, where the rights of one party are dependent in any manner upon those of another, it will treat the judgment as an entirety, and, where a reversal is required as to one, it will reverse the judgment as a whole." The above early case has been consistently followed by our courts, and is given close attention in United States Fidelity & Guaranty Co. v. Richey, Tex.Civ.App., 18 S.W.2d 231, writ of error refused. In the last cited case the many decisions following the rule are cited.

In the instant case it will be borne in mind that each of the defendants alternatively prayed for judgment over against the other for any amount that plaintiff might recover against him or it. If we should affirm this judgment as to Bowen and reverse it as to Summers, then Summers, upon another trial, would be deprived of all rights that he may have to judgment over against Bowen for such judgment as the plaintiff might procure against him. We conclude, therefore, that any rights that Summers may have for such judgment over, as he prayed for, are dependent upon Bowen's being before the court at the time another trial is had. We believe, and so hold, that this situation brings this case within the rule announced above to the effect that where the rights of one party are dependent in any manner upon those of another, the judgment will be treated as an entirety and where reversal is required as to one, the case will be reversed as to all defendants.

Counsel for Bowen earnestly contends that since the only error complained of by plaintiff grows out of her right to make a reply argument to that of defendant Summers when Bowen had made no argument to the jury, the case should be affirmed as to Bowen irrespective of the disposition made of the case between plaintiff and Summers. They argue that the jury's verdict gave to Bowen "a clean bill of health" from all charges of negligence, and that Bowen should not suffer a reversal because of an error committed by the court, if it be one, solely between plaintiff and Summers. We think that although the jury acquitted Bowen of all acts of negligence, this is somewhat beside the question for the reason the jury did no less for Summers. We perceive the test to be whether or not, if the case should be affirmed as to Bowen and reversed as to Summers, Summers could get the relief sought in his answer as against Bowen in the event he should be cast for damages in a second trial. In support of its contention that the case should be affirmed as to it, Bowen cites and relies upon what is said in Hicks v. Brown, 136 Tex. 399, 151 S.W.2d 790 (793), adopted by the Supreme Court. That case is distinguishable from the instant one in this particular: There, plaintiff sued two taxicab companies for injuries sustained while a passenger in one of the cabs. The two defendants each denied liability and sought contribution each against the other. Plaintiff recovered a joint and several judgment against the defendants, and provisions were made in the judgment for contribution. Both defendants appealed and error as to one appeared, but there was no error as to the other. The judgment was affirmed as against the defendant who presented no error and reversed as to the other. Contribution is quite different in its legal effect to the alternative plea for relief over against a co-defendant to the extent of a judgment that may be rendered against such party. Under the provisions of Art. 2212, R.C.S. contribution affords relief in a separate and subsequent suit under the conditions therein provided, but this is not true where the prayer is for alternative relief of judgment over against a co-defendant. Contribution between defendants may be adjudicated in the main suit by plaintiff against them, but it is not necessary that it be thus disposed of. For that reason the court properly held, we think, in the Hicks-Brown case, supra, that the controversy between the defendants were severable from the main action. The court cites in support of its rulings Missouri, K. & T. R. Co. of Texas v. Enos, 92 Tex. 577,

50 S.W. 928. The last cited case reaffirms the rule announced in Hamilton Co. v. Prescott, supra. Apparently, there was no plea over by either defendant nor even one for contribution, and it was held that the defenses were severable as they stood. That if the complaining defendant should desire contribution as such, it could be maintained in a separate suit.

We pointed out in the early part of this opinion that in addition to Summers' plea over against Bowen for judgment for any amount that plaintiff might recover against him, he instituted an independent cross-action against Bowen for personal injuries sustained and for damage to his automobile. Trinity Universal Insurance Company intervened and apparently sought some kind of a judgment against Bowen Motor Coaches, Inc.; its pleadings are not in the record, but we do know it had no "plea over" against Bowen for it was not a co-defendant. The judgment of the court denied Summers recovery on his cross action and denied the insurance company a recovery as intervener. No appeal was taken by either Summers or the insurance company; in these respects the judgment became final. The judgment relating to Summers' cross action and interveners' asserted cause of action will be left undisturbed, but for reasons hereinabove shown and under the authorities cited, the judgment of the trial court will, in all other respects, be reversed and the cause remanded for another trial. It is so ordered.