Lola Padgett etal v. City of Madisonville TX















IN THE
TENTH COURT OF APPEALS
 

No. 10-02-199-CV

     LOLA PADGETT AND MICHAEL DUNN,
                                                                              Appellants
     v.

     CITY OF MADISONVILLE, TEXAS,
                                                                              Appellee
 

From the 278th District Court
Madison County, Texas
Trial Court # 01-95910278-10
                                                                                                                

CONCURRING OPINION
                                                                                                                

      I agree with the result but would sever the claims being remanded for further consideration
from those being affirmed. See Aero Energy, Inc. v. Circle C Drilling Co., 699 S.W.2d 821,
823 (Tex. 1985); Hofer v. Lavender, 679 S.W.2d 470, 471 (Tex. 1984). The desirability of a
severance appears to stem from the requirement that there be one final judgment in a case. 
Tex. R. Civ. P. 301; see Hamilton v. Prescott, 73 Tex. 565, 11 S.W. 548, 549 (1889). 
Authority to sever may be found in Rules of Appellate Procedure 43.6 and 44.1(b). Tex. R. 
App. P. 43.6, 44.1(b); see also Washington v. Reliable Life Ins. Co., 581 S.W.2d 153, 161
(Tex. 1979) (citing former rule of civil procedure 503 which used language similar to current
Rule 44.1(b)).
      We have been inconsistent in our opinions about severance when an error affects only part
of a judgment. Compare Ash v. Hack Branch Dist. Co., 54 S.W.3d 401, 419 (Tex. 
App.—Waco 2001, pet. denied) (severance), with Cozby v. City of Waco, 110 S.W.3d 32, 41
(Tex. App.—Waco 2002, no pet.) (no severance). But that is no reason not to sever claims
that are being remanded from those on which the judgment is affirmed so as to make the latter
unquestionably final.
 

                                                                       BILL VANCE
                                                                       Justice

Concurring opinion delivered and filed February 11, 2004